TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SAMUEL J. DIAZ (Cal. Bar No. 304503)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3045
     Facsimile: (213) 894-6269
     E-mail:   samuel.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>VALENTIN GUZMAN,<br><br>          Defendant. | No. CR 22-00048-FMO<br><br>PLEA AGREEMENT FOR DEFENDANT<br>VALENTIN GUZMAN |

1.   This constitutes the plea agreement between Valentin Guzman ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a two-count information in the form


2/22/2022

attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

3.   Defendant further agrees:

a.   To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of, or involved in the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following:

i.   $495,992 in U.S. Currency seized on January 13, 2022, from defendant's home in Oxnard, California;

2

ii.   $453,950 in U.S. Currency seized on January 13, 2022, from a 1956 Chevrolet vehicle parked in the driveway of defendant's home in Oxnard, California;

iii. $4,192 in U.S. Currency seized on January 13, 2022, from defendant's person during a traffic stop in Oxnard, California;

iv.   One 1956 Chevrolet vehicle, Vehicle Identification Number: VC56A06066; and

v.   One 1957 Chevrolet vehicle, Vehicle Identification Number:  VC570166828, (collectively, the "Forfeitable Assets").

b.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.   That the Preliminary Order of Forfeiture shall become final as to defendant upon entry.

d.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

e.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the

3

forfeiture of the Forfeitable Assets.  Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A).

      f.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

      g.   Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

      h.   To prevent the transfer, sale, destruction, or loss of the Forfeitable Assets to the extent defendant has the ability to do so.

      i.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

      j.   That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

    4.   With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Assets in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that forfeiture of the Forfeitable Assets is part of the sentence that may be imposed in this case and waives any failure by the Court

to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty pleas.

THE USAO'S OBLIGATIONS

5.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.   Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. § 924(c) arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 18 below. Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

          e.   With respect to count two, not seek a sentence of imprisonment above the mid-point of the applicable Sentencing Guidelines range, subject to the statutory mandatory minimum, provided that the offense level used by the Court to determine that range is 29 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the mid-point of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSES</u>

     6.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, possession with intent to distribute methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(viii), the following must be true: (1) defendant knowingly possessed methamphetamine; and (2) defendant possessed it with the intent to distribute it to another person.

     7.   Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant possessed with intent to distribute at least 50 grams of actual methamphetamine.  Defendant admits that defendant, in fact, possessed with intent to distribute at least 50 grams of actual methamphetamine, as described in count one of the information.

     8.   Defendant understands that for defendant to be guilty of the crime charged in count two, that is, being a felon in possession of firearms and ammunition in violation of Title 18, United States Code, Section 922(g)(1), the following must be true: (1) defendant knowingly possessed a firearm or ammunition; (2) the firearm or

ammunition had been shipped or transported from one state to another or between a foreign nation and the United States; (3) at the time defendant possessed the firearm or ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time defendant possessed the firearm or ammunition, defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

<u>PENALTIES</u>

9.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in count one, is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

10.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii), as charged in count one, is: 10 years' imprisonment, followed by a 5-year period of supervised release, and a mandatory special assessment of $100.

11.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(g), as charged in count two, is: 10 years' imprisonment, followed by a 3-year period of supervisor release, and a mandatory special assessment of $100.

12.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a 5-year

period of supervised release; a fine of $1,250,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

13. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

14. The Court will also order forfeiture of the property listed in forfeiture allegation one of the information pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924, and 28 U.S.C. § 2461(c).

15. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

16. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or

supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

17.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

18.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 20 below but is not meant to be a complete recitation of all facts relevant to the

underlying criminal conduct or all facts known to either party that relate to that conduct.

On January 13, 2022, in Ventura County, California, within the Central District of California, defendant knowingly possessed 56 grams of pure (that is, actual) methamphetamine, other federally controlled substances, two firearms, and ammunition. Defendant possessed the methamphetamine and the other federally controlled substances with the intent to distribute them. Defendant possessed the firearms and ammunition in connection with his possession with intent to distribute the methamphetamine and the other federally controlled substances.

Specifically, on the morning of January 13, 2022, Oxnard Police officers saw defendant parked in a blue Nissan truck in front of the home of a suspected drug trafficker on West Date Street in Oxnard, California. The officers followed defendant as he drove away and stopped defendant -- still in Oxnard, California -- after he committed several traffic violations. On his person, defendant knowingly possessed with intent to distribute 56 grams of cocaine, and also had a knife and $4,192 in U.S. Currency.

That same day, in a desk located in the garage of his home, located at Bottlebrush Place, in Oxnard, California, defendant knowingly possessed with intent to distribute 59 grams of pure (that is, actual) methamphetamine, as well as approximately 282 grams of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), 13.4 grams of cocaine, and 8 grams of heroin metabolite. In and on the same desk where defendant possessed the drugs, defendant also knowingly possessed an operational digital scale, zip lock baggies, and pay/owe sheets, including a handwritten pay/owe sheet on a piece

of mail addressed to defendant.  Also in the garage, in the desk and elsewhere, defendant knowingly possessed $949,942 in U.S. Currency.

Also at defendant's home were several vehicles that defendant registered in nominees' names but that defendant owned, including:

a.   One 1956 Chevrolet vehicle, Vehicle Identification Number: VC56A06066; and

b.   One 1957 Chevrolet vehicle, Vehicle Identification Number:  VC570166828.

Defendant knowingly and unlawfully possessed firearms and ammunition that were stored inside the trunk of the 1956 Chevrolet vehicle that was parked in the driveway of defendant's home. Specifically, defendant possessed:

a.   One Smith & Wesson, model 637-2, .38 caliber revolver, bearing serial number CJT1943, which was manufactured either in Massachusetts or Maine;

b.   One Ruger, unknown model, 9mm caliber pistol, bearing serial number 323-49424, which was manufactured in Arizona;

c.   40 rounds of Independence .38 caliber ammunition, which were manufactured in Brazil;

d.   One round of Companhia Brasileira de Cartruchos .38 caliber ammunition, which were manufactured in Brazil;

e.   Five rounds of Hornady 9mm caliber ammunition, which were manufactured in Nebraska; and

f.   One round of Federal Cartridge Company 9mm caliber ammunition, which was manufactured either in Minnesota, Idaho, or Missouri (collectively, the "firearms and ammunition").

The firearms and ammunition were manufactured outside the State of California.  Thus, before defendant possessed the firearms and

ammunition in California on January 13, 2022, they had been shipped or transported from one state to another, or between a foreign nation and the United States.

Also before defendant's knowing and unlawful possession of the firearms and ammunition on January 13, 2022, defendant had been convicted of the following felonies, each punishable by a term of imprisonment exceeding one year:

      a.   Sale or Transportation of a Controlled Substance, in violation of California Health and Safety Code Section 11352(a), in the Superior Court for the State of California, County of Ventura, Case Number CR48083, on or about May 11, 2000;

      b.   Possession of Cocaine Base for Sale, in violation of California Health and Safety Code Section 11351.5, in the Superior Court for the State of California, County of Ventura, Case Number CR48083, on or about May 11, 2000; and

      c.   Conspiracy to Commit a Crime, in violation of California Penal Code Section 182(a)(1), in the Superior Court for the State of California, County of Ventura, Case Number 2008037816, on or about February 13, 2009.

When defendant possessed the firearms and ammunition on January 13, 2022, he knew that he had been convicted of these felony crimes punishable by imprisonment for a term exceeding one year.

Defendant admits that the Forfeitable Assets listed in paragraph 3(a)(i)-(v) represent or are traceable to proceeds of one or more exchanges of a controlled substance or were intended to be used in one or more exchanges for a controlled substance in violation of 21 U.S.C. § 841 et seq.

SENTENCING FACTORS

19.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).   Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

20.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level [Between 1,000 and 3,000 Kilograms of Converted Drug Weight]: | 30[1] | U.S.S.G. §§ 2D1.1(a)(5), (c)(5) |
| Dangerous Weapon Possessed in Connection with the Offense: | +2 | U.S.S.G. § 2D1.1(b)(1) |

_____

[1] Under U.S.S.G. § 2D1.1 Application Note 8, 69.4 grams of cocaine amount to 13.88 kilograms of converted drug weight; 8 grams of heroin metabolite amount to 8 kilograms of converted drug weight; 286.2 grams of fentanyl amount to 706.5 kilograms of converted drug weight; and 56 grams of actual methamphetamine amount to 1,180 kilograms of converted drug weight.  Under U.S.S.G. § 2D1.1(c)(5), 1,908.38 kilograms of converted drug weight, that is, between 1,000 kilograms but less than 3,000 kilograms of converted drug weight, result in a base offense level of 30.

13

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

21.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

22.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

23.   Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.   The right to persist in pleas of not guilty.

        b.   The right to a speedy and public trial by jury.

        c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

        d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

        e.   The right to confront and cross-examine witnesses against defendant.

        f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.     The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.     Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

24.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's guilty pleas.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

25.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the Sentencing Guidelines range corresponding to an offense level of 29 and the criminal history category calculated by the Court, subject to the statutory mandatory minimum, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised

release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

26.   The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the Sentencing Guidelines range corresponding to an offense level of 29 and the criminal history category calculated by the Court, subject to the statutory mandatory minimum, the USAO gives up its right to appeal any portion of the sentence.

<u>WAIVER OF COLLATERAL ATTACK</u>

27.   Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's guilty pleas.

## RESULT OF WITHDRAWAL OF GUILTY PLEAS

28.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

29.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## EFFECTIVE DATE OF AGREEMENT

30.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

31.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

32.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

   b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed-to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

33.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

34.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

19

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 20 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

35.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

36.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

1 <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2     37.   The parties agree that this agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED

6 UNITED STATES ATTORNEY'S OFFICE
  FOR THE CENTRAL DISTRICT OF
7 CALIFORNIA

8 TRACY L. WILKISON
  United States Attorney

9

10  /s/                                              2/25/2022
    _____        _____
11  SAMUEL J. DIAZ                                   Date
    Assistant United States Attorney
12  _____            2 - 25 - 22
    VALENTIN GUZMAN                          _____
13  Defendant                                        Date

14  _____            2 - 25 - 22
    JEREMY LESSEM                            _____
15  Attorney for Defendant                           Date
    VALENTIN GUZMAN
16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     2/25/22
VALENTIN GUZMAN                      Date
Defendant

22

1    <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

2        I am VALENTIN GUZMAN's attorney.  I have carefully and

3    thoroughly discussed every part of this agreement with my client.

4    Further, I have fully advised my client of his rights, of possible

5    pretrial motions that might be filed, of possible defenses that might

6    be asserted either prior to or at trial, of the sentencing factors

7    set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8    provisions, and of the consequences of entering into this agreement.

9    To my knowledge: no promises, inducements, or representations of any

10   kind have been made to my client other than those contained in this

11   agreement; no one has threatened or forced my client in any way to

12   enter into this agreement; my client's decision to enter into this

13   agreement is informed and voluntary; and the factual basis set forth

14   in this agreement is sufficient to support my client's entry of

15   guilty pleas pursuant to this agreement.

16

17   JEREMY LESSEM                          2/25/22
     Attorney for Defendant                 Date
18   VALENTN GUZMAN

19

20

21

22

23

24

25

26

27

28

23